## Jonathan D. Fosdick v. Caleb Van Husan.

*Equity pleading and evidence: Allegata et probata.* A defendant to a bill to redeem a mortgage will not be allowed to increase the amount due upon it by proving an agreement to pay a higher rate of interest than the mortgage called for, when neither the bill nor answer made any reference to any such agreement.

*Compounding of interest: Act of 1869.* When a tender of more than was due upon a mortgage was made and refused, and the mortgagor filed a bill to redeem, before the act of 1869, providing for the compounding of interest upon written contracts (*Laws of 1869, p. 12*), took effect, the mortgagee will not be allowed, in a computation of the amount due, to compound the interest, there being no agreement, express or implied, authorizing him to do so.

*Tender.* A tender in United States "legal tender" notes,—there being no objection at the time that they were not regarded as money,—is good.

*Bill to redeem: Decree.* On a bill filed to redeem a mortgage, in a case where a controversy exists as to the amount due upon it,—the mortgagee having proceeded to foreclose by advertisement and sale under the statute, and the Court allows the redemption,—the proper decree is, that unless the redemp-

tion money is paid within a specified time, the premises be sold as in foreclosure cases; and not that the title shall be absolute in the mortgagee.

*Heard October 13.    Decided October 18.*

Appeal in Chancery from Washtenaw Circuit.

The bill in this cause was filed by Jonathan D. Fosdick, in the Circuit Court for the County of Washtenaw in Chancery, on the first day of July, 1869, against Caleb Van Husan, to redeem, after a foreclosure by advertisement and sale, a mortgage made by complainant to defendant, May 13, 1846. The foreclosure sale was made June 12, 1869. The bill alleges that the sale was made for the sum of nine hundred and eleven dollars and fifty-four cents, including costs of sale, but that there was then due upon the mortgage only the sum of one hundred and fifty-five dollars, and forty dollars costs of suit; and that, on June 10, 1869, defendant tendered, as the balance due on the mortgage, three hundred and ten dollars, and forty dollars as costs of suit.

The answer alleges that the amount for which said sale was made, was the true amount due on said mortgage; and it admits an offer to pay three hundred and fifty dollars, but denies that all that was due was offered, and denies that any legal tender of proper money and of sufficient amount was ever made.

A replication was filed and the cause was heard on pleadings and proofs.

Among the proofs in the cause was an endorsement upon the mortgage, signed by the complainant, in the following words: "I hereby agree to pay ten per cent. interest on balance due from this date, October 24, 1855."

The Court below rendered a decree in favor of complainant, permitting him to redeem within fifty days on the payment of the sum of two hundred and thirty-three dollars and seventy cents, and the sum of thirty-one

dollars and fifty-four cents costs on foreclosure sale, less the taxed costs in this cause. But in default of such payment, it was further decreed "that the right of redemption of said mortgaged premises by said complainant be barred and the mortgage title of said defendant therein shall become absolute."

The defendant appeals to this Court.

*Thomas Ninde* and *H. J. Beakes*, for complainant.

The so-called agreement to pay ten per cent. interest from October 24, 1855, endorsed on the two thousand eight hundred and fifty dollar mortgage, is void, for uncertainty and want of consideration. 1. If the agreement endorsed on the mortgage were not void for uncertainty and want of consideration, it was a mere personal contract which did not affect the lien of the mortgage, and is therefore immaterial in this suit. 2. And the complainant also submits that § *1314 Comp. Laws*, requires that an agreement to pay more than seven per cent. interest must be in writing; and therefore any verbal agreement to pay ten per cent., if made, would be invalid. 3. The defendant cannot avail himself of this so-called agreement endorsed on the mortgage, because he has not set it up in his answer.—*Hubbard v. Winsor, 15 Mich., 146; Moran v. Palmer, 13 Mich., 368; Peckham v. Buffam, 11 Mich., 529; Warner v. Whittaker, 6 Mich., 133.* 4. It is doubted whether it is proper matter of defense by answer.

Defendant is not entitled to compound interest.—*Van Husan v. Kanouse, 13 Mich., 303.*

The tender made June 10, 1869, discharged the lien of the mortgage.—*Caruthers v. Humphrey, 12 Mich., 270; Van Husan v. Kanouse, 13 Mich., 303.* No objection was made as to the kind of money.—*Moynahan v. Moore, 9 Mich., 11.*

FOSDICK *v.* VAN HUSAN.

*Joslin & Blodget* and *W. A. Moore*, for defendant.

The defendant · claims interest by virtue of agreement endorsed on the mortgage, but which complainant alleges was void for want of consideration. It is admitted that the endorsement was made by complainant. It is admitted that the whole mortgage was then due and payable, and that no payment was made thereon thereafter until June 23, 1860. It is true no consideration for such agreement is expressed, and none expressly· proven, but we submit that this Court, under the circumstances, will infer the forbearance to foreclose, the consideration. *a.* Forbearance is a sufficient consideration.—*Story on Cont., Sec. 435 ; 1 Parsons on Cont., p. 442. b.* The consideration need not be expressed, nor always alleged and proven. It may be inferred from the terms and obvious import of the contract.—*Nelson v. Gordon, 2 N. H., 414, 415 ; Bainbridge v. Wade, 1 E. L. & E., 236, 39, 40 ; Newberry v. Armstrong, 6 Bing., 201, 202; Patchin v. Swift, 21 Ver., 292, 297, 298 ; Boyd v. Frieze, 5 Gray, 553, 54 ; Wheeler v. Slocumb, 16 Peters, 52, 55 ; Walker v. Sherman, 11 Met., 172.*

The statute of the State of Michigan of 1869, p. 12, now permits the compounding of interest, and, from its language, may be applied to the mortgage in question.

No sufficient tender was made. The alleged tender, if made, was in legal tender Treasury notes, which was not a legal tender on this contract. Treasury notes were then at 35 per cent. discount.—*Hepburn v. Griswold, 8 Wal., 603.*

GRAVES, J.

The object of this bill was to redeem certain premises from a mortgage executed by complainant to defendant on the thirteenth day of May, 1846, to secure the payment of

$2,050, with annual interest, and made payable, principal and interest, by installments in a little over seven years.

The complainant sets forth in his bill certain payments claimed by him to have been made on the mortgage, and which, he alleges, reduced the incumbrance to $155 on the twelfth day of June, 1869. But that the defendant insisting that a much larger sum remained unpaid upon the mortgage than was in fact the case, commenced proceedings to foreclose, under the statute, on the eleventh day of March, 1869, and by his notice of sale for the twelfth of the following June, claimed to be due and unpaid the sum of $859; that on the tenth day of June, 1869, while the proceedings to foreclose were in progress, the complainant tendered to defendant $350 in lawful money of the United States for the payment of the sum remaining back upon the mortgage and costs of foreclosure, and presented a certificate of discharge of the mortgage and requested defendant to execute and acknowledge it; that the sum so tendered was greater than the amount then called for by the mortgage, with the costs of foreclosure added; that defendant refused the tender and refused to discharge the mortgage, and claimed that over $800 remained unpaid; that on the twelfth day of June, 1869, the defendant caused the premises to be sold under the foreclosure notice, and bid the same off at $911 54, and procured the Deputy Sheriff to make him a deed and endorse and deposit the same as directed by statute. Complainant offers to pay any sum found to be due and unpaid on the mortgage.

The answer admits the foreclosure proceedings and sale as stated in the bill, and admits several of the payments alleged by complainant, but denies others and insists that there was due the sum of $900. It also admits that on the tenth day of June, 1869, "there was tendered to him the sum of three hundred and ten dollars, as and for the amount

due on said mortgage, and forty dollars to pay the costs of said foreclosure," and then proceeds to say that the defendant "denies that any discharge of said mortgage was presented to him with a request that he execute the same, and that he refused to receive any such sums of money or execute said discharge."

The answer further admits the statements in the bill as to the foreclosure and sale. A general replication being filed, proofs were taken and the Court below made a decree declaring the sum due and unpaid on the mortgage on the day of the sale under the statute foreclosure, for principal and interest, to be $233.70, and the costs of foreclosure, $31.54; and finding that complainant made a tender in due form of law to defendant on the tenth day of June, 1869, being two days before sale, of $350 to pay the amount remaining on the mortgage and the costs of foreclosure, and thereupon adjudging that the foreclosure sale and deed were void; that the sale be set aside and the deed be delivered up to be .canceled; that within fifty days after the date of the decree, which was on the eighth day of June, 1870, the complainants should pay to the Register for the use of defendant the sum adjudged to be due on the mortgage, together with the costs of the statute foreclosure, amounting to $265.24, with interest from the twelfth day of June, 1869, first deducting the costs of complainant in this cause, and that upon such payment the defendant should release to complainant the mortgaged premises free from encumbrance made or charged thereon by defendant or any person or persons claiming under him; and that defendant execute and deliver to complainant or to his solicitor a sufficient discharge of the mortgage; but that in default of such payment to the Register the right of redemption by complainant should be barred and the mortgage title of defendant be absolute.

Upon the hearing in this Court, the evidence relating to the sums paid and the times of payment was fully and strongly debated, and the views of counsel as well as the facts have been attentively considered. All the circumstances, and as well the relations and position of the parties and the nature of the subject matter, as the inferences to be drawn, and the presumptions arising from the matters disclosed by the pleadings and evidence have been examined and weighed, and while we do not deem it needful to enter into a commentary upon this part of the case, we are constrained to say that we find nothing in it in derogation of the decree of the Circuit Court. On the contrary, that decree, so far as it depends upon the evidence respecting the sums paid upon the mortgage and the times of payment, appears to be supported.

It is urged, however, for the defendant, that a writing endorsed on the mortgage under date of October 24, 1855, and subscribed by complainant, entitled the defendant to interest at ten per cent. on the whole balance on the mortgage from that time. This writing reads as follows: "I hereby agree to pay ten per cent. interest on balance due from this date, October 24, 1855. J. D. FOSDICK."

A sufficient reply to this claim is found in the circumstance, that neither the making nor existence of this paper, nor of any arrangement supposed to be proved by it, is hinted at in the bill or answer.— *Vandyke v. Davis*, 2 *Mich.*, *144*; *James v. M'Kernon*, 6 *J. R.*, *543*; *Beach v. Fulton Bank*, 3 *Wend.*, *573*, *584*; *LeBaron v. Shepherd*, decided at this term [*supra p. 263*], and cases there cited.

The arrangement in question was made, whatever its possible effect, long after the execution of the mortgage, and was a new and independent transaction intended to turn the interest behind into principal and to increase the rate, and to avail himself in this controversy of the rights sup-

posed to accrue from it; the defendant should have set up the instrument, and claimed the benefit of it in his answer. As a party can only defend himself on the ground assumed in his answer, the defense based on the writing referred to must fail.—Cases last cited.

Again, it is contended by defendant, that, independently of this writing, he was entitled to compound the interest under the "Act relating to interest upon installments falling due upon written contracts," approved February 19, 1869.—*Sess. L. 1869, p. 12.*

We are not required to ascertain whether this statute may have a retrospective operation, and be made to apply to contracts entered into before it took effect, or gives the right in any case to compute interest upon installments of interest, falling due subsequent to that time upon contracts made before.

The session of 1869 closed on the 5th of April, and by force of the Constitution (§ *20, Art. 4,*) the act in question did not become a law until the expiration of ninety days from the time last mentioned.

The defendant certainly had no right to compound the interest under the pre-existing law, in the absence of any agreement, express or implied, authorizing him to do so; and the statutory foreclosure having been commenced and carried to a sale, the tender and refusal hereafter mentioned having occurred, and the present bill having been filed, before the act referred to became a law, the transaction between the parties was so far closed as to authorize the complainant to insist upon redemption by paying the amount called for by the mortgage according to the law which prevailed as to compounding interest up to the time of filing his bill. At that time the defendant treated the matter as closed. At that time, if ever, the complainant's right of action asserted by his bill had accrued, and at that

time he was entitled to redeem, if at all, on paying the arrearage upon the mortgage as it must have been ascertained by the rule then prescribed by law.

I am, therefore, of opinion that the defendant is not, in consequence of the act of 1869, entitled now to demand more upon his mortgage than he could recover under the law as it stood when the tender and sale occurred and the bill was filed, either to defeat the present action or to raise new and onerous conditions upon complainant's right to redeem.

The remaining objection made by defendant is that the alleged tender was invalid.

The answer admits the tender in fact, and the evidence not only shows it but proves the circumstances connected with it. The offer was in what are called legal tender notes, and it is now urged for defendant that these notes were not the medium in which a lawful tender could be made, and *Hepburn v. Griswold, 8 Wal., 603,* is cited as authority for the point.

The facts disclosed by the record exclude the point here suggested. The notes were tendered as money, and the answer and proof show that the defendant regarded them as money, and however the law may be as to the validity of the legal tender acts, the fact remains that these notes have for several years circulated and do now circulate in this state as cash, and have been supposed to possess and are now supposed to possess all the qualities of a safe currency, which can be claimed for bank notes. They are not convertible into coin at the will of the holder; neither are bank notes. But this circumstance has not prevented the employment of either as money in the ordinary business transactions of the public or in the satisfaction of debts.

The defendant refused to receive the tender, but he did

not place his refusal on the ground now urged in his behalf. His sole objection was that he was entitled to a much larger sum than $350 on the mortgage, and not that the notes tendered were not worth three hundred and fifty dollars. As he did not refuse to receive the notes on the ground that they were depreciated or even not lawful money (grounds which if taken might have been obviated, if thought necessary) but treated the offer as one of $350 in fact, and placed his refusal upon a ground having no relation to the form of the tender or the character of the medium, we think he is precluded from raising the objection now urged.—*Moynahan v. Moore, 9 Mich., 9; Wright v. Reed, 3 Tenn. R., 554; 2 Parsons on Cont., 645*, and cases cited.

We have now considered the questions discussed on the hearing, and we think the decision of the Court below has not been impeached.

It will, however, be necessary to modify somewhat the decree of that Court. By that decree, as is seen, the redemption money was required to be paid in fifty days. That time has now passed and the complainant should have fifty days from the time of judgment in this Court, within which to make such payment.

The decree must be further modified by requiring a sale as in ordinary cases of foreclosure in case complainant fail to pay the redemption moneys within the time prescribed, and that defendant recover costs in that event.

In all other respects the decree below should be affirmed, and the complainant will recover of the defendant his costs of this Court, unless he fail to pay the redemption money as above provided, and the case will be remitted to the Court below for such further proceedings as may be necessary.

The other Justices concurred.