ELIZABETH NEWKIRK v. DANIEL B. NEWKIRK AND OLIVER L. NEWKIRK.

*Mortgage on contemplated advances—Strict foreclosure—Costs.*

1. A mortgage is not fraudulent for including contemplated advances.

2. Where the decree on a bill to redeem provided that if redemption were not made within three months, defendant should have strict foreclosure, it was modified on appeal so as to permit defendant to proceed to sale.

3. Costs on appeal were withheld where the decree, though affirmed in part, was modified in favor of the appellee.

Appeal from Wayne. (Speed, J.) April 16.—April 29.

BILL to redeem. Complainant appeals. Modified.

*Fraser & Gates* for complainant. A mortgage is void as against a creditor if its natural consequence, irrespective of good faith, is to defraud him: *Smith v. Conkwright* 28 Minn. 23; *Green v. Tantum* 19 N. J. Eq. 105: 21 N. J. Eq. 364; *Clement v. Moore* 6 Wal. 292 ; *Reeg v. Burnham* 55 Mich. 39.

*Hamilton Baluss* for defendant.

COOLEY, C. J. This is a suit to redeem from a mortgage given by Oliver L. Newkirk to the defendant Daniel, his brother. Complainant is the divorced wife of Oliver.

The mortgage bears date January 9, 1879, and was given for the sum of six hundred dollars. The divorce suit was then pending, and complainant alleges that the mortgage was made without consideration, and for the purpose of prevent-

ing the collection by her of alimony in the divorce suit. The land has been sold on execution, and she has become the purchaser, but subject to the rights of Daniel, if any, under his mortgage. In the circuit court sums aggregating five hundred and three dollars were found to be secured by the mortgage, besides interest, and decree was entered that complainant pay the amount in redemption, or that her bill stand dismissed.

The evidence leaves no doubt on the mind that the sum of six hundred dollars was not owing to Daniel when the mortgage was given. His evidence is that some small sums were owing to him, and that he had agreed to pay, and did afterwards pay, some others. These together were less than six hundred dollars, but for the balance Oliver was to be at liberty to call at any time as he needed it in his difficulties. Oliver tells a different story, but we do not think there is any such preponderance of evidence against the testimony of Daniel as would justify a court in holding that an affirmative case was made out against it.

If Daniel's story is true, the mortgage was not void for being made for a larger sum than was then due him, including what he was liable for. Oliver had a right to make it include contemplated advances. And although Oliver, who appears to be now unfriendly to Daniel, testifies to facts tending strongly to show a fraudulent intent in giving it, we are not satisfied that fraud in fact is made out.

On full consideration of the case, we do not feel warranted in making any change in the decree, in so far as it determined the sums to be paid on redemption. But it ought not to have been a decree of strict foreclosure in case of non-payment, and it will be modified so as to permit the defendant Daniel to proceed to a sale in case redemption is not made within three months. No costs will be given in this Court.

The other Justices concurred.