82 353|
109 326|

82 353|
f118 67|

82 353
s46ⁿw 781
132 ⁴650

ALVA H. HUYCK, ADMINISTRATOR OF THE ESTATE OF WILLIAM ANDERSON, DECEASED, v. ABRAHAM GRAHAM.

*Mortgage—Foreclosure—Notice of sale—Bill to redeem—Res judicata.*

1. The mere fact that a notice of foreclosure sale claims a larger amount than is actually due will not render the foreclosure proceedings void, no actual injury or fraudulent purpose being shown.

So *held*, where foreclosure proceedings were commenced before the maturity of the principal, and an installment of interest not due until sixteen days after the date of the notice of sale was included in the amount claimed to be due at that date.

2. A bill filed to set aside a statutory foreclosure sale must be considered as a bill to redeem, whether such specific relief is prayed for or not.

3. Where no fraud is alleged in such a bill, and the only irregularity charged is that the amount claimed to be due in the notice of sale is excessive, the mortgagor must be prepared to do equity by the payment of the amount actually due, or by submitting to a resale of the premises.

4. In such a suit the decree should provide for redemption on payment of the amount actually due within a specified time, and, in default, that the mortgaged premises be sold as in foreclosure cases; citing *Fosdick v. Van Husan*, 21 Mich. 567.

5. A mortgagor filed a bill to set aside a statutory foreclosure sale on the ground that the amount claimed to be due in the notice of sale was excessive, and because the sale was made for the principal sum secured by the mortgage, which was not due, as well as for the accrued interest. The court made a decree holding the sale null and void, and permitting the mortgagor to redeem by paying the amount actually due at date of the notice of sale, less the costs, in default of which payment the bill was to be dismissed. The mortgagor failed to make such payment, and a decree was entered dismissing the bill, from which he did not appeal; whereupon summary proceedings were instituted to recover possession of the mortgaged premises. And it is held that the mortgagor cannot attack such decree

collaterally, but must be held to have rested satisfied with it as a decree of strict foreclosure.

Error to Van Buren. (Buck, J.) Argued June 3, 1890. Decided October 10, 1890.

Summary proceedings to recover possession of lands. Complainant brings error. Reversed, and judgment entered in this Court for complainant. The facts are stated in the opinion.

*J. G. Parkhurst,* for appellant, contended:

1. On default being made in the payment of the interest due at date of the notice, the premises, being in one body and occupied as one farm, could be sold under the power of sale, and complainant had the right, as administrator, to bid and retain sufficient to cover the amount due and to become due on the mortgage, and the costs of foreclosure; citing How. Stat §§ 8502, 8510; 2 Green, Prac. 1050; 2 Jones, Mortg. §§ 1707, 1859 (note 5), 1860, 1929, 1938, 1939; *Bunce v. Reed,* 16 Barb. 347 (a case where excessive amount was claimed in notice, and where sale was made to cover whole debt).

2. The fact that the notice of sale claims more than is actually due does not affect the validity of the proceedings if no actual injury or fraudulent purpose is shown; citing *Millard v. Truax,* 47 Mich. 251, 50 Id. 343.

3. The bill to set aside the sale was a bill to redeem, as complainant could file no other; citing *Schwarz v. Sears,* Walk. Ch. 170.

4. The failure to redeem within the time provided in the decree of redemption settled all other questions relating to the sale, and worked an immediate and absolute foreclosure, and thereafter became a complete bar of the mortgagor's rights; citing *Adams v. Cameron,* 40 Mich. 506, 509; *Goodenow v. Curtis,* 33 Id. 505, 510.

5. The sheriff is responsible for the acts of his deputies, and may execute the deed on a mortgage sale made by a deputy; citing *Heinmiller v. Hatheway,* 60 Mich. 394.

*Lester A. Tabor,* for defendant, contended:

1. Was defendant estopped by the decree in the chancery proceedings? This seems to be the only real question on which the complainant relies. The foreclosure proceedings were void, and

gave complainant no legal right of possession. The bill was not filed for the purpose of redemption, nor did complainant ask to redeem, nor was he under any obligation to redeem from an attempted foreclosure which never had any legal existence, nor did the court attempt to compel him to do so.

2. The decree contained no provision for a resale, which was essential even if the bill had been purely a redemption bill; citing *Fosdick v. Van Husan*, 21 Mich. 567; *Grover v. Fox*, 36 Id. 461; *Newkirk v. Newkirk*, 56 Id. 525; *Meigs v. McFarlan*, 72 Id. 194; and such resale was essential before complainant could have any remedy for possession.

3. The excess arising on the sale belonged to the mortgagor, and, until paid or tendered to him, the sale was incomplete and void, and possession could not be obtained under it; citing *Sandford v. Flint*, 24 Mich. 26; *Louder v. Burch*, 47 Id. 109; *Millard v. Truax*, 50 Id. 343.

4. But we insist that the deed is void. How. Stat. § 8505, requires that the officer or person making the sale shall execute the deed, and it is mandatory; citing *Doyle v. Howard*, 16 Mich. 261, 267; *Lee v. Mason*, 10 Id. 403; *Hoffman v. Harrington*, 33 Id. 392.

GRANT, J. April 28, 1884, defendant executed to William Anderson a mortgage for $5,646, due in five years, with annual interest at 7 per cent. Anderson died in 1886. Plaintiff was appointed administrator, and commenced a foreclosure of the mortgage by advertisement April 12, 1887, claiming as then due $929.38. In fact, the amount then due was only $525.78. April 28, 1887, another installment of interest became due, amounting to $395.22. The only irregularity in the notice was the erroneous amount claimed. July 14, 1887, the premises were sold under the notice for the sum of $6,669.48, and were bid in by plaintiff. The difference between the amount actually due and the amount of the purchase price was never tendered to defendant. No money was actually paid at the sale. The sale was made by a deputy-sheriff, and the deed executed by the sheriff. The sale was made for the principal sum secured by the mortgage, the interest due at the date of sale, and costs of sale, less $63.64.

The land was not worth the amount due upon the mortgage. The sheriff's deed was executed to plaintiff as administrator.

July 2, 1888, defendant filed a bill in chancery against plaintiff, praying that the sale might be set aside. Issue was joined, and on September 24, 1888, decree was entered holding the sale to be null and void, and permitting defendant to redeem by paying $525.78, less the costs, within 90 days, and, in default of such payment, that the bill be dismissed without costs. Defendant did not pay the amount decreed to be due. Plaintiff thereupon filed a petition setting forth that fact, and on April 8, 1889, decree was entered dismissing the bill. Plaintiff, after demand, on April 12, 1889, brought this suit to recover possession of the premises. The case was tried by the court without a jury, and judgment rendered in favor of defendant.

The foreclosure sale was not made subject to future installments, but the proceedings were evidently conducted upon the theory that the mortgagee possessed the right to bid the property in for the full amount secured by the mortgage, without any obligation resting upon him to pay to the mortgagor the amount not due. It is unnecessary to determine what the rights of the defendant would have been under the sale if no suit had been instituted by him to set the sale aside. But he has had his day in court in the manner chosen by himself. He did not choose to stand upon his rights at law upon the alleged ground that the sale was void, but he filed his bill in chancery praying that the sale be set aside and declared void. Our only concern, therefore, is to determine the effect of the final decree rendered in that suit.

The bill filed by defendant must be considered as a bill to redeem, and it can make no difference that he did not pray for the right to redeem. When no fraud is

alleged, and the only irregularity is that the notice of sale claims a greater amount than is actually due, the mortgagor must be prepared to do equity, and this can only be accomplished by payment of the amount actually due, or by a decree for the resale of the premises. 2 Jones, Mortg. § 1921; *Schwarz v. Sears*, Walk. Ch. 172; *Goodenow v. Curtis*, 33 Mich. 510. It is well settled that, where no actual injury or fraudulent purpose is shown, the mere fact that a larger amount is claimed in a notice of sale than is actually due does not render the sale, and the deed made in pursuance thereof, void. *Klock v. Cronkhite*, 1 Hill, 110; *Jencks v. Alexander*, 11 Paige, 626; *Millard v. Traux*, 47 Mich. 251 (10 N. W. Rep. 358), 50 Id. 343 (15 N. W. Rep. 501). The case of *Fosdick v. Van Husan*, 21 Mich. 567, established the rule in this State that the decree should be for redemption by payment of the amount actually due within a specified time, and that, in default thereof, the premises be sold as in foreclosure cases. *Grover v. Fox*, 36 Mich. 461; *Newkirk v. Newkirk*, 56 Id. 525 (23 N. W. Rep. 206); *Meigs v. McFarlan*, 72 Id. 194 (40 N. W. Rep. 246). The decree in this case did not provide for a resale upon failure to redeem, and, in this respect, was not in accordance with the established practice, but the defendant appears to have been satisfied with it. Whether it was such an one as he asked for does not fully appear. It is fair to presume that it was, for it nowhere appears that he objected to it, and he did not appeal. The decree is therefore binding upon him. Were he dissatisfied with it, he should have appealed, and had his rights determined and the error corrected in that suit. He cannot now be heard to attack it collaterally. He must therefore be held to have rested satisfied with that decree, which was one of strict foreclosure. Prior to the decision of *Fosdick v. Van Husan, supra,* the prac-

tice in this State was to decree a dismissal of the bill upon failure to redeem, and this operated as a foreclosure. The court in the chancery case had jurisdiction of the parties and the subject-matter, and, though the decree be erroneous, it is binding upon both parties until set aside.

Judgment reversed, and judgment entered in this Court for plaintiff.

The other Justices concurred.