LEACH *v.* DOLESE.

1. MORTGAGES—CROSS-BILL—AMENDMENT—FORECLOSURE—USURY.

In a suit to redeem from an alleged usurious mortgage, to foreclose which defendant filed a cross-bill, the trial court was not in error in declining to permit the defendant to so amend his answer as to eliminate the portion claiming affirmative relief, leaving the answer a mere denial of the averments of the bill, where it appeared that the result would prejudice complainant by reason of the fact that the amendment would leave the mortgagee in position to claim the legal interest, whereas, in the absence of such amendment complainant would be relieved from the payment of interest. (2 Comp. Laws, § 4857; 2 How. Stat. [2d Ed.] § 2870).

2. USURY—INTEREST—FORFEITURE.

The point made by defendant that the answer and cross-bill contained no prayer or request for usurious interest was immaterial in a suit to redeem from a mortgage; if it is sought to enforce by affirmative relief a contract tainted with usury the statute (2 Comp. Laws, § 4857; 2 How. Stat. [2d Ed.] § 2870) becomes operative and the interest is forfeited.

3. SAME—BONUS—AMOUNT OF INTEREST.

Where the parties in drafting a mortgage agreed upon a bonus of $230, which was added to the principal of the

mortgage, the total amount bearing interest at 6 per cent., the result being that the borrower was required to pay interest in excess of the legal rate of 7 per cent. on the true amount borrowed, the contract was usurious, and defendant's cross-bill seeking affirmative relief operated to avoid the obligation to pay interest.

Appeal from Wayne; Murphy, J. Submitted January 8, 1915. (Docket No. 31.) Decided June 14, 1915.

Bill by Henry W. Leach and another against John Dolese, Jr., and others to redeem from a mortgage. From a decree for complainants, defendant Dolese appealed. Affirmed.

*Joseph Walsh* and *Lloyd L. Axford*, for complainants.

*Jasper C. Gates*, for defendants.

The issues involved in this controversy are thus clearly stated in the opinion filed by the learned chancellor who heard the case:

"The complainants filed the bill herein to redeem from a claimed usurious mortgage given to the defendant Dolese, as mortgagee, for the sum of $5,230. A disclaimer was filed by the defendant Frank J. Weber; a several answer by the defendant Joseph F. Weber, in which denial of any right of relief as against him is asserted; and an answer in the nature of a cross-bill was interposed by the defendant Dolese. In the latter's answer the averments of the bill are met and denied, and the affirmative relief of foreclosure of the mortgage is prayed. The complainants duly answered the cross-bill. Upon the hearing no testimony was taken; the facts being stipulated.

"It is thus established that upon July 3, 1906, the defendant Joseph F. Weber loaned to the complainant Henry W. Leach the sum of $5,000, for the repayment of which the latter and his wife, the other complain-

ant, then executed to Dolese, as payee, their joint promissory note for the sum of $5,230, payable within three years thereafter, and secured by a mortgage in the sum of $5,230 upon the land involved herein, the title to which, subject to his wife's inchoate right of dower, was in Mr. Leach. Both the note and mortgage bear interest at 6 per cent., in accordance with the express agreement of the parties.

"The payee and mortgagee in the respective instruments, John Dolese, Jr., is a nonresident. His interest in the subject-matter is purely nominal, the loan having been made merely in his name, the funds being furnished by Joseph F. Weber, and the negotiations being carried on and consummated by Mr. Leach with the Messrs. Weber.

"Various payments were made upon the principal and interest of the obligation, and finally in 1912, there being an unpaid balance due, foreclosure of the mortgage by advertisement was begun. Shortly thereafter this bill was filed, upon the theory that the note and mortgage were alike usurious, and foreclosure was enjoined pending suit. The several answers of Messrs. Dolese and Joseph F. Weber deny the claim of usury.

"Upon the hearing an oral motion to amend was made in behalf of the defendant Dolese, asking that so much of his answer as designates and constitutes it in effect a cross-bill be stricken out. No amended answer conforming to this proffer having been filed or presented, the answer, if the motion be granted, would be construed and regarded merely as pleading a naked denial of the bill."

KUHN, J. (*after stating the facts*). At the outset we are asked to determine whether or not the chancellor erred in refusing to permit the appellant to amend by dismissing that portion of his answer which constituted it an answer in the nature of a cross-bill. Chancery Rule 16, subdivision "g" provides:

"But, after replication, or such setting down for a hearing, it [answer] shall not be amended in any material matters, as by adding new facts or defenses,

or qualifying or altering the original statements, except by leave of the court, upon cause shown, after due notice to the adverse party."

When amendments are asked by leave of court, upon cause shown, and after due notice to the adverse party, they are governed by section 10268 *et seq.,* 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12969 *et seq.*) ; section 10268 reading as follows:

"The court in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein."

Can it be said that the chancellor erred in not permitting the amendment to be made as asked for under the terms of this statute?

An examination of the authorities, English and American, discloses that the right of a complainant to dismiss his bill without prejudice on the payment of costs was of course, except in certain cases, and the exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind. This question of equity practice is quite fully reviewed and discussed in the opinion of Judge Taft, in the case of *City of Detroit* v. *Railway Co.* (C. C.), 55 Fed. 569, on page 572. In that opinion the case of *Booth* v. *Leycester,* 1 Keen (Eng.), 247, is referred to, where a bill and a cross-bill were set down for a hearing together, and, it appearing that the complainant would be prejudiced by a dismissal of the cross-bill without prejudice, leave to dismiss was not granted. See, also, 16 Cyc. p. 460. It would seem that the rule deducible from these authorities is that, where a bill of complaint is filed and answer thereto in the nature of a cross-bill is made, and a motion is made to dis-

miss the part of the answer asking for affirmative relief, such dismissal should not be granted if it would operate to the prejudice of other parties.

In the instant case it appears that after the cause had been at issue for over 14 months, at the hearing, and without any notice to the adverse party, an amendment is sought by a motion to dismiss on a matter which is not only material, but controlling, of the controversy. For, if the answer is amended as desired, the defendants would be entitled to the legal statutory rate of 5 per cent. upon the indebtedness (*Vandervelde* v. *Wilson,* 176 Mich. 185 [142 N. W. 553]) ; while, if the answer stands unamended, since it seeks to enforce the contract, no interest could be recovered (*Estey* v. *Building & Loan Association,* 131 Mich. 502 [91 N. W. 753]). It seems clear, therefore, that when the defendant filed an answer in the nature of a cross-bill asking for affirmative relief, complainants thereby acquired certain rights which they would not have possessed if no such affirmative relief had been asked for in the answer, and that it cannot be said that the granting of the motion would not prejudice the rights of the complainants.

.Counsel for appellant says that the case of *Coon* v. *Coon,* 163 Mich. 644, 648 (129 N. W. 12, 13), should govern this question. This was a bill for divorce filed by the husband against the wife, who filed an answer in the nature of a cross-bill setting up various grounds for divorce. The testimony was taken, and the chancellor filed an opinion to the effect that the husband had not proved his case, but the wife had proved extreme cruelty and was entitled to divorce, and thereupon, before any decree had been entered, the wife filed a motion to dismiss the cross-bill feature of her answer, which motion was denied. But this court said:

"We think the general rule to be deduced from the authorities is that in divorce proceedings the complainant party may dismiss his suit at any time before interlocutory or final decree, in the absence of any legal interest on the part of the defendant or of the State to the contrary."

And it held:

"In our opinion, the defendant should have been permitted to dismiss her cross-bill and a decree entered dismissing complainant's bill of complaint."

However, we do not think that this case is controlling of the instant case, because a different rule has been made applicable in divorce cases, for the reason, as held by the New York court of appeals in *Winans* v. *Winans*, 124 N. Y. 140 (26 N. E. 293), that:

"The rights of the party to the record are not alone to be considered, the public is regarded as a party, and must be treated as such by the court."

See, also, 14 Cyc. p. 701.

By the filing of the cross-bill in this case the complainant obtained no additional rights, and in this particular also it is distinguishable from the case at bar.

We are therefore of the opinion that the chancellor properly denied this motion asking leave to amend.

It is urged that the part of the answer in the nature of a cross-bill does not ask for the payment of usurious interest. In our opinion, this is immaterial, as the statute (section 4857, 2 Comp. Laws, 2 How. Stat. [2d Ed.] § 2870) provides:

"But in any action brought by any person on such usurious contract or assurance, * * * if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

It follows that, if it is sought to enforce by an action a contract which in its inception was tainted by usury, the forfeiture of interest becomes operative under the statute.

With reference to the position of counsel as to what the contract in question was, the record discloses the following:

"*The Court:* I understand you to stipulate that the parties agreed for 6 per cent. interest, 7 per cent. on overdue installments of interest and principal, and that $230 was a bonus; am I right?

"*Mr. Gates:* Yes.

"*The Court:* And that the whole $230 was a bonus?

"*Mr. Gates:* Yes; but I claim $130 of it was legal.

"*Mr. Walsh:* That is not a fact. We will take that up later.

"*The Court:* Upon the theory that $130 of it was advance interest?

"*Mr. Gates:* A discount advanced; yes. Perhaps it would be fair for me to say that that is a computation showing the discount. I will show it to Mr. Walsh. Maybe we had better get that on the record (handing paper). That is a computation I made, showing the discount of 1 per cent. on $5,000 payable annually for three years."

It is claimed that the $130 of excess is not a bonus, but represented at the time the loan was made the then present worth of 1 per cent. on $5,000, the sum really loaned during the three years the loan was to run, which would make the total interest not in excess of the contractual rate of 7 per cent. permitted by the statute, and that the taking of the $130 by including it as a part of the principal of the mortgage can be sustained as expressive of an intention of the parties that the interest rate was to be 7, and not 6, per cent. With reference to this contention, we are in accord with the conclusion of the chancellor, who stated his views as follows:

"It is a complete refutation of this position that the stipulated facts herein show an express contract for a rate of 6 per cent. This agreement was made effectual by compliance with the statutory provision that 'it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest not exceeding seven per cent. per annum.' Act No. 207, Pub. Acts 1899. I know of no authority for holding the borrower and lender to any rate differing from the one they mutually fix, provided only that they select a lawful rate. Their agreed rate being 6 per cent., there is no escape from the conclusion that the $130 under consideration was a bonus, prerequisite to the granting of the loan. The total bonus of $230 thus exacted was made part of the principal. So included, and bearing interest at the agreed rate of 6 per cent., the contract of the parties as evidenced in the note and the mortgage would result in the borrower being required to pay illegal interest on the true amount he had borrowed. The penalty for usury, when appropriately invoked, is a forfeiture of all interest. Sections 4857 and 4858, 3 Comp. Laws. The statute has been construed in three cases, in which are defined the principles applicable to the situation here confronting the court. *Estey* v. *Building & Loan Ass'n,* 131 Mich. 502 (91 N. W. 753); *Vandervelde* v. *Wilson,* 176 Mich. 185 (142 N. W. 553); *Malone* v. *Danforth,* 137 Mich. 227 (100 N. W. 445). These decisions are authority for the rule that the penalty of the statute attaches only when effort is made to enforce a usurious contract. In the *Estey Case* the bill was filed to redeem from a usurious mortgage. The defendant there, as here, sought the affirmative relief of foreclosure. While the opinion does not disclose this to be the state of the pleadings, an examination of the record does show it. (See *Vandervelde* v. *Wilson, supra,* at p. 191.) The defendant's attitude in seeking foreclosure was held to void all interest."

Being satisfied in the instant case that the contract was usurious, and that by the answer in the nature of a cross-bill an action was brought on such usurious contract, we are of the opinion that the instant case

is controlled by the case of *Estey* v. *Building & Loan Ass'n, supra.*

The decree in the court below provides for a certain time within which to redeem, and also provides for a foreclosure sale in case of failure of complainant to do so. *Fosdick* v. *Van Husan,* 21 Mich. 567; *Goodenow* v. *Curtis,* 33 Mich. 505, 510; *Huyck* v. *Graham,* 82 Mich. 353, 357 (46 N. W. 781); *O'Connor* v. *Keenan,* 132 Mich. 646, 650 (94 N. W. 186).

The decree of the court below is therefore affirmed, with costs to appellees.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.