UNION INVESTMENT CO. *v.* WEIL.

1. Pawnbrokers—Statutes.

Act regulating loaning of money when security therefor is given on household effects and other personal chattels and permitting interest charge of two per cent. per month *held,* permissive and not to make it unlawful to make such loans without obtaining license and filing bond required by act (3 Comp. Laws 1929, § 12219 *et seq.*).

2. Usury—Pawnbrokers.

Promissory note and chattel mortgage on household furniture securing payment of same were not rendered void by including therein a bonus charge illegal because lender had not complied with statute regulating such loans by securing license and filing bond, but borrower cannot be compelled to pay interest on money actually loaned (Comp. Laws 1929, §§ 9240, 12219 *et seq.*).

Appeal from St. Clair; Robertson (William), J. Submitted June 5, 1934. (Docket No. 6, Calendar No. 37,320.) Decided October 1, 1934.

Replevin by Union Investment Company, a Michigan corporation, against Herbert L. Weil and others to recover possession of furniture and fix-

tures under a chattel mortgage. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Hugh K. Davidson* and *Benedict & Benedict,* for plaintiff.

*Rudolph J. Inman,* for defendants.

NELSON SHARPE, C. J.   Plaintiff brought replevin to obtain possession of certain personal property consisting of household furniture which had been mortgaged to it by the defendants and on which there was default.   The defendants in their answer admitted the allegations in the declaration but set up in defense that the promissory note, for the payment of which the mortgage was given as security, was illegal and void due to the failure of the plaintiff to comply with the provisions of Act No. 337, Pub. Acts 1907 (3 Comp. Laws 1929, § 12219 *et seq.*).

The defendants moved for the entry of a judgment in their favor under Court Rule No. 30, § 7 (1931).   The motion was based on an affidavit of their attorney in which he stated that the note given plaintiff by defendants and secured by the chattel mortgage was for the sum of $626.68 of which sum $500 represented the sum actually loaned and $126.68 the interest charged thereon; that the plaintiff was engaged in the business of making loans in the city of Port Huron which at that time had a population of more than 20,000 and had not obtained a license to carry on said business nor furnished the bond required by the statute.   No answer was filed thereto.   The trial court entered a judgment for the defendants, from which the plaintiff has appealed.

Act No. 337, Pub. Acts 1907, is entitled:

"An act regulating the loaning of money when, as security for such loan, a lien is taken upon household furniture and effects, musical instruments, typewriters and sewing machines or any other personal chattels, or any assignment or transfer of any salary or part thereof, and prescribing penalties for the violation of the act."

The first section, in so far as it is here applicable, provides that:

"It shall be lawful * * * for any * * * corporation lending money in any city in this State containing more than twenty thousand inhabitants * * * and taking as security for the repayment thereof * * * a lien upon any household furniture and effects * * * to charge for the use of money not to exceed the rate of two per cent. interest per month thereon."

The third section prohibits the engaging in such business "under the terms of this act" without securing a license therefor from the mayor of the city and the payment of an annual fee to be fixed by the common council, and the fourth section provides that such license shall not be granted until a bond in the penal sum of $1,000 be filed with the city treasurer.

Under the last section any violation of the act is made a misdemeanor and the "entire amount loaned shall be forfeited to the borrower or borrowers and the mortgage securing the same shall become null and void."

Plaintiff's counsel concede that it did not comply with the requirements of the act. They contend that the act has no application to one lending money who is not licensed under it; that it is optional with a lender whether he will secure a license and become entitled to the benefits conferred by it or be

governed by the general laws relating to interest charges.

It seems apparent that the purpose of this act as indicated by its title and provisions was to permit the parties named therein to engage in the business of loaning money on certain classes of securities on the terms and conditions therein imposed. To do so, a license must be obtained and a bond furnished conditioned to pay all damages and costs resulting from a violation of its provisions. Upon compliance therewith, loans may be made in any amount upon certain securities and at a rate of interest largely in excess of that permitted on other loans.

The act does not make it unlawful to make such loans without complying with its provisions. It is permissive only.

"Even though the court should be convinced that some other meaning was really intended by the law-making power, and even though the literal interpretation should defeat the very purpose of the enactment, still the explicit declaration of the legislature is the law, and the courts must not depart from it." Black, Interpretation of Laws, p. 36, quoted with approval in *People* v. *Lowell,* 250 Mich. 349, 359.

"The ordinary meaning of the language must be presumed to be intended unless it would manifestly defeat the object of the provisions." *Minor* v. *Mechanics' Bank,* 1 Pet. (26 U. S.), 46, 64, quoted with approval in *United States, ex rel. Siegel,* v. *Thoman,* 156 U. S. 353, 359 (15 Sup. Ct. 378).

"Where statutes are couched in words of permission, or declare that it shall be lawful to do certain things, or provide that they may be done, their literal signification is that the persons, official or

otherwise, to whom they are addressed are at liberty or have the option to do those things or refrain, at their election." Sutherland, Statutory Construction (1st Ed.), § 460.

The note and mortgage were not rendered void by including in them the amount of the bonus. As plaintiff here seeks to enforce collection, the defendants cannot be compelled to pay any interest on the moneys loaned to them. 2 Comp. Laws 1929, § 9240; *Leach* v. *Dolese,* 186 Mich. 695 (Ann. Cas. 1917A, 1182); *Bankers Discount Co.* v. *Cinderella Theatre Co.,* 231 Mich. 168.

The conclusion reached renders it unnecessary to consider the claim of plaintiff that Act No. 337 was repealed by subsequent acts.

The judgment is reversed and set aside, with costs to the plaintiff and the cause remanded for further proceedings not inconsistent herewith.

POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.