## FRANCIS H. COBB

### *v.*

## THE ILLINOIS AND ST. LOUIS RAILROAD AND COAL CO.

1. INJUNCTION—*in case of danger of irreparable injury from threatened trespass.* Where a bill for an injunction alleged that the defendant, a railway corporation, had surveyed a line for a track on plaintiff's land and had built their road near to his line, and were threatening to break down his fences, and to enter his land for the purpose of obtaining sand and soil for sale without his permission, or having condemned the right of way, or having even offered any compensation, and that the digging and removal of the soil which was intended would endanger his property from the probability of producing a deflection in the channel of the river near the same, and thus produce irreparable injury: *Held*, on demurrer to the bill, that it showed ample ground for an injunction, as it showed facts from which irreparable injury would ensue, in the true sense of the rule.

2. SAME—*to prevent a nuisance.* The laying of a railroad track on a party's land and maintaining it there, is a permanent injury, and if used for the purpose of continuously removing the owner's sand and soil, would become a nuisance and productive of irreparable injury, and when attempted to be done without pretense of lawful authority, may be enjoined.

3. SAME—*to prevent railway from exceeding its powers.* It is a rule of equity jurisprudence that an injunction will be granted to prevent a railway company from exceeding the powers granted in its charter, where the contemplated act would work injury to another, and this without regard to there being a remedy at law for the wrongful act.

WRIT OF ERROR to the Circuit Court of St. Clair county ; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Messrs. G. & G. A. KŒRNER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In December, 1871, plaintiff in error filed a bill in the St. Clair circuit court, against defendant in error, to restrain it from laying its railroad track over his land. The bill

alleges that plaintiff in error had been in possession of the land for five years, claiming it in fee; that defendant, by its charter, was authorized to construct a railroad from the Mississippi river at East St. Louis, to a point named, in St. Clair county, and thence south through Monroe and Randolph counties; that the company had surveyed a line for a track running on the land of plaintiff in error, and had built their road near to his line, and were threatening to break down his fences and to enter his land, for the purpose of obtaining sand and soil for sale; that the company had not condemned the right of way, nor procured from complainant any right or permission to go upon his land, nor had they made him or offered to make him any compensation; that the digging and removal of the sand and soil which they intend, would endanger his property, from the probability of producing a deflection of the channel of the river, and thus producing irreparable injury.

To this bill defendant filed a demurrer, which the court below sustained, and dismissed the bill. To reverse that decree complainant brings the record to this court on error, and urges a reversal on the ground that the court erred in sustaining the demurrer and in dismissing the bill.

The demurrer admits the facts alleged in the bill to be true. And, if true, was plaintiff in error entitled to the relief sought? It is admitted, then, that complainant was in possession, and had such title as authorized him to resort to the courts for protection of his rights; that the company, without any pretense of right, were threatening to make a forcible entry upon his land to erect a permanent structure, and to remove his sand and soil for sale, and by so doing it would endanger the destruction of the property itself, by turning the current of the river over his land, and only that they may convert his soil and sand into money. As admitted, this presents a case of a wanton, wilful and most oppressive character. It is in utter disregard of right and in defiance of law, and devoid of every principle of fairness. When an answer shall

be interposed, it is to be hoped that it may be shown that there was not such recklessness as is charged in the bill.

The grounds assumed in defense are, that this is but a threatened trespass, and that there is nothing to show irreparable damage. The demurrer admits that it will endanger the property by turning the current of the river over the land. This, manifestly, would be irreparable damage. The allegation, although not technically drawn, does contain facts that, when admitted to be true, do clearly show that irreparable mischief would ensue, in the sense of the rule. The bill, it is true, does not allege that the current would be changed, but it alleges danger, and the demurrer admits the danger. It is not necessary, in such cases, that a party threatened with danger shall wait until he can demonstrate that it will occur, before he can maintain a bill.

Again, the laying a track on his land and maintaining it there is a permanent injury, and when used for the purpose of continuously removing his soil and sand, becomes a nuisance, and must produce irreparable injury. But in cases of this character, courts of equity have acted on broader principles, and have adopted as a rule that an injunction will be granted to prevent a railway company from exceeding the powers granted in their charter. *River Dun Nav. Co.* v. *North M. Railway*, 1 Eng. R. Cases, 135; *Hyde* v. *Great Western Railway*, ib. 567; *Agar* v. *Regents Canal Co.* Cooper's R. 77. The courts do not require, where the effort is manifested by a railway company to wrongfully appropriate private property or force their structures to places not authorized, that there should be a want of a remedy at law.

In *Sanford* v. *The Railway Co.* 24 Penn. R. 378, it was said : " If corporations go beyond the powers which the legislature has given them, and, in a mistaken exercise of these powers, interfere with the property of individuals, the court is bound to interpose by injunction, or otherwise, as the case may require." If, then, the court will enjoin the intended exercise of a mistaken power, much more readily should it restrain

the wanton and wilful act about to be performed without any pretense of power, which would result in injury to an individual. See *Jorden* v. *Phila. Wil. & Balt. R. R.* 3 Whart. 502; *Morehead* v. *Little Miami R. R.* 17 Ohio, 340.

As was said by Lord COTTINGHAM, it is the duty of courts of equity to "adapt its practice and course of proceeding, as far as possible, to the existing state of society, and ·to apply its jurisdiction to all those new cases which, from the progress daily making in the affairs of men, must continually arise, and not, from too strict an adherence to forms and rules established under very different circumstances, decline to administer justice and to enforce rights for which there is no other remedy." Redf. on Railways, 1 Ed. 477. From this bill it appears that this company were endeavoring to exercise powers not conferred by their charter, and they should be restrained.

The suggestion in argument that, since the bill was dismissed, the company have accomplished the threatened act, is not based upon anything in the record, and counsel could not have expected the court to act upon it.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*