## George Stroup v Logan Chalcraft.

1. TRESPASS TO REAL ESTATE—*Remedy by Injunction.*—Where it appeared that a complainant, who was the real owner in fee of the land described in his bill, had fenced, inclosed, cleared up and cultivated a part of the land, and was in the lawful and exclusive possession, and there was not, nor ever had been a public highway over the same, that while he was in such possession, and soon after the land was so inclosed, the defendant, under the pretense that there was a public highway over said land, and that complainant had obstructed the same by fencing, "with force and violence pulled out the gate posts, and has repeatedly since that time, cut the wires of said fence, torn said gate posts, and passed over said land, and at a time when defendant was cutting down said fence and complainant remonstrated, defendant threatened to kill him, if he did not keep out of his way, and threatened to cut down said fence every time it should be repaired," and that if said defendant is allowed to continue his trespasses, complainant will not be able to cultivate said land, and endless litigation will result, *it was held* sufficient to entitle the complainant to an injunction.

2. INJUNCTION—*To Restrain Trespass—Irreparable Injury.*—Irreparable injury, authorizing the interference of a court of chancery by injunction, need not always be such injury as to be beyond the possibility of repair, or beyond possible compensation in damages, not necessarily great injury or great damage, but is that species of injury, great or small, which ought not to be submitted to on the one hand, or inflicted on the other, and is of constant and frequent recurrence, so that no fair or reasonable redress can be had therefor in a court of law.

3. DEMURRER—*Its Effect in Chancery.*—The office of a demurrer to a bill in chancery, is to deny in form and substance complainant's right to have his case considered in a court of equity, and to admit that all the allegations of the bill properly pleaded are true.

4. INJUNCTION—*Trespasses—Legal Rights Established.*—When a bill is filed to restrain continuing trespasses to real estate, the defendant can not insist that the complainant must first establish his right at law, after a demurrer has been overruled to the bill and a decree rendered thereon, because the demurrer admits the truth of the allegations of the bill, and establishes the complainant's rights as completely as could be done in a court of law.

**Memorandum.**—Bill for injunction. Error to the Circuit Court of Edwards County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

## Statement of the Case.

Logan Chalcraft filed his bill in chancery in the Circuit Court of Edwards County, alleging his ownership in fee of the northwest quarter of the northwest quarter of Sec. 19, in township 2 south, range 10 east, in Edwards county, Illinois; that more than one year before filing the bill, he inclosed the said land with a fence and cleared up and cultivated a part thereof the past season; that prior to that time said land was wood land, and there was an old by-road or two, over the same, but avers there was not, nor ever had been, any public highway over the same; that soon after he inclosed said land George Stroup, under the pretense there was a public highway over said land, and that complainant had obstructed the same by fencing his said land, by brutal force and violence hitched his oxen to the gate posts and pulled them up, and has repeatedly since that time cut the wires of complainant's fence and torn down his gate posts and passed over his said land; that on one occasion when said Stroup was cutting down said fence, complainant remonstrated with him and said Stroup threatened to kill him if he did not keep out of his way, and December 27, 1892, said Stroup again cut a whole panel out of said fence and passed over said land; that he threatens to cut said fence down every time it is repaired and complainant believes he will do so; that if said Stroup is allowed to continue cutting down complainant's fence an irreparable injury will result to him, and he will not be able to cultivate his said land and endless litigation will grow out of it; that already one prosecution has grown out of it, and others will follow; that his remedy at law is wholly inadequate.    Therefore, to prevent an irreparable injury and endless litigation, prays for injunction restraining Stroup from cutting or tearing down complainant's fence and passing over his said described land.   A temporary injunction was ordered as prayed for, and said Stroup was served and appeared in the Circuit Court and filed a general and special demurrer to the bill, setting up as special causes :  " It is

not therein alleged that defendant is insolvent and complainant has a complete and adequate remedy at law." The demurrer was overruled, and defendant elected to stand and abide by it, and having been ruled to answer, refused so to do, and a decree *pro confesso* was thereupon entered, and a final decree was also entered, perpetually enjoining and restraining Stroup from cutting down complainant's fences, and from passing over his said land, and for costs against defendant. Defendant craved and was allowed an appeal to this court, but failed to perfect it, and sued out this writ of error. The errors assigned are, that the court erred in not sustaining demurrer, in overruling demurrer, in not dismissing bill " for want of sufficiency in statement therein."

### BRIEF OF PLAINTIFF IN ERROR, MUNDY & ORGAN AND CREIGHTON & KRAMER, ATTORNEYS.

No chancery court will enjoin a trespass until a judgment at law is had as to whether or not a trespass has been committed, and settle at law which is right in the contention.   Poyer v. Village of Des Plaines, 123 Ill. 111; Dunning v. City of Aurora, 40 Ill. 481; Oswald v. Wolf, 129 Ill. 200; Goodell v. Lassen, 69 Ill. 145.

To entitle a party to maintain a bill of peace or bill to prevent a multiplicity of suits at law, there must be a right claimed affecting many persons. If the right is disputed between two persons only, not for themselves and all others interested, but for themselves alone, the bill will not lie unless the complainant's right has been established at law. McCoy v. Chillicothe, 3 Ohio, 379; Oswald v. Wolf, 129 Ill. 200.

### BRIEF OF DEFENDANT IN ERROR, J. M. CAMPBELL, ATTORNEY.

Chancery has jurisdiction by injunction to restrain trespass that will result in irreparable injury.   McIntyre v. Storey, 80 Ill. 127; Wangelin v. Gore, 50 Ill. 465-466; Owens v. Crossett, 105 Ill. 357; Poyer v. Village of Des Plaines, 123 Ill. 11; Mooney v. Cooledge, 30 Ark. 640.

Irreparable injury is such an injury as may not be beyond possible compensation in damages, but yet is of such constant and frequent recurrence that no fair or reasonable redress can be had therefor in a court of law. Whale v. Reinbach, 76 Ill. 326. A controversy over a road, wherein one party closes it, upon the ground that a road does not exist, and the other persists in tearing down the fence, upon the ground that a public road does exist, and expresses an intention to tear the fences down as often as they are put up, makes a case of irreparable injury to sustain injunction. McIntyre v. Storey, 80 Ill. 128; Owens v. Crossett, 105 Ill.

Chancery has jurisdiction by injunction to restrain a continuing trespass, or one threatened to be repeated, of grave character. McIntyre v. Storey, 80 Ill. 128; Owen v. Crossett, 105 Ill. 466; Poyer v. Village Des Plaines, 123 Ill. 117; Shrimer v. Morris, etc., Co., 27 N. J. Eq. 364.

A court of chancery has jurisdiction by injunction to restrain a threatened trespass that has been repeated and is continued in order to prevent a multiplicity of suits. Owen v. Crossett, 105 Ill. 357; Wangelin v. Gore, 50 Ill. 465; Poyer v. Village Des Plaines, 123 Ill. 117; Shafer v. Stull (Neb.), 48 N. W. Rep. 882; Smithers v. Fitch (Cal.), 22 Pac. Rep. 935; Tantlinger v. Sullivan (Iowa), 45 N. W. Rep. 765; Switzer v. McCulloch, 76 Va. 777; Chapman v. Toy Long, 4 Sawyer, 28; Todd v. Osborne (Iowa), 44 N. W. Rep. 235; Musselman v. Marquis, 1 Bush. (Ky.), 463.

Where the trespass is a continued one and the remedy at law is only by successive suits wherein the action for damages would be inadequate to protect the rights of the person trespassed upon, a court of chancery has jurisdiction by injunction to restrain the trespass. Shrimer v. Morris Canal, etc., Co., 27 N. J. Eq., 364.

If the rights of a party can only be enforced at law by long continued, strenuous and expensive litigation, and those rights can be more promptly and efficiently asserted in equity, injunction will be entertained. West Point Iron Co. v. Reymert, 45 N. Y., 703; Crane v. McCoy, 1 Bond, 422; 3 Wait's Actions and Defenses, 684; Clark v. Jeffersonville, etc., 44 Ind. 248.

Where numerous acts are being committed and their continuance threatened under a claim of right by one person on the land of another, which acts constitute trespass, and the injury resulting from each act is or would be trifling in amount as compared with the expense of prosecuting actions at law to recover damages therefor, injunction will lie to restrain the trespass. Lembeck v. Nye (Ohio), 24 N. E. Rep. 686.

It is sufficient to show in a case of this character that the remedy at law is not as practical and efficient as that in equity. Migel v. Nally, 45 Mo. 560.

In the assertion of a public right of way the defendant repeatedly tore down fences on complainant's land. The court granted an injunction because the acts, if not restrained, might afford grounds for the claim of a public way. Carpenter v. Sawyer, 35 Barb. (N. Y.) 395; Schultz v. Allison, 35 Pa. 88; Hilliard on Injunction, 2d Ed., 320.

It is not necessary to aver insolvency. McPipe v. West, 71 Mo. 199; Shriner v. Morris Co., 27 N. J. Eq. 364; Clark v. Jeffersonville R. R. Co., 44 Ind. 248; Cobb v. I. & St. L. R. R. Co., 68 Ill. 233.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The three errors assigned are based upon one and the same ground, and one assignment of error, viz.: That the court erred in overruling the demurrer. This comprises substantially all that plaintiff in error relies on for reversal. The office of a demurrer to a bill in equity is to deny in form and substance complainant's right to have his case considered in a court of equity, and to admit that all the allegations of the bill properly pleaded are true. Plaintiff in error having demurred to the bill, and abided by his demurrer, and refused to plead to or answer said bill, the following facts are to be taken as admitted by him to be true: That prior to and at the time of filing said bill, Logan Chalcraft, the complainant, was the lawful owner in fee of the land described therein, had fenced and inclosed said land, had cleared up and cultivated part thereof, and was

in the lawful, exclusive possession of said land, and there was not, nor ever had been, a public highway over the same. That while he was in the quiet and lawful possession of said land and soon after it was so inclosed, George Stroup, the defendant, under the pretense there was a public highway over said land, and that complainant had obstructed the same by fencing his land, with force and violence pulled out the gate posts, and has repeatedly since that time, cut the wires of said fence, torn down said gate posts, and passed over said land, and at a time when defendant was cutting down said fence and complainant remonstrated, defendant threatened to kill him, if he did not keep out of his way, and threatened to cut down said fence every time it should be repaired. That if Stroup is allowed to continue his trespasses complainant will not be able to cultivate his said land, and endless litigation will result. That already one prosecution has been commenced and others will follow. These admitted facts are, in our judgment, sufficient to entitle complainant to the injunction prayed for.

But plaintiff in error insists the bill is defective, because it is not therein alleged that the acts of defendant, complained of and threatened to be continued, have been, by the judgment of a law court, held to be trespasses, and until that is shown, equity will not interfere. That it is not alleged defendant is insolvent, and such allegation is essential. That it is not shown by the bill and does not appear, that complainant is without an adequate remedy at law. That a right is disputed between two persons only, and the bill will not lie unless complainant's right has been established at law. In support of these propositions, the following authorities are cited: Poyer v. Village of Des Plaines, 123 Ill. 111, where it was sought to restrain the prosecution of suits for violation of a village ordinance on the ground that said ordinance was illegal, and it was held the suits were *quasi* criminal in character, and the legality or illegality of the ordinance was purely a question of law, for law courts to decide, and the court, for very good and sufficient reasons, set forth in the opinion, but not applicable to the facts in this case,

held that the prosecution of said suits ought not to be enjoined. It is said in the opinion there is no allegation of insolvency, but such omission is not the reason for denying the relief, and what is there said to the effect that "if the right is disputed between two persons only, not for themselves and all others interested, but for themselves alone, the bill will not lie unless the complainant's right has been established at law," does not apply to the facts in this case. In Dunning v. City of Aurora, 40 Ill. 481, the subject-matter is an alleged nuisance, which is sought to be abated, and an injunction to restrain its further maintenance is prayed for. The court holds, if the thing is itself a nuisance, equity will interfere without waiting the result of a trial at law. But if it is not unavoidably and in itself noxious, but may prove to be so, equity will not interfere until the fact of its being a nuisance is established in an action at law.

Oswald v. Wolf, 129 Ill. 200, was a case in which obstructing a private way was asked to be enjoined, and it was held that to entitle complainant to the relief, his case must be clear and free from substantial doubts—a strong case, of pressing necessity. Goodell v. Lassen, 69 Ill. 145, was a case in which the landlord sought to enjoin his tenant, renting for one year, from putting up a pawnbroker's sign. Held, to be no injury to the reversion, and not irreparable in its character so as to require equitable interference. The cases of Hamilton v. Stewart et al., 59 Ill. 330, and Owens et al. v. Crossett, 105 Ill. 354, cited as supporting the contention that the bill was defective in this case, because the insolvency of Stroup is not alleged, are neither of them applicable in this case, and counsel for plaintiff in error are also mistaken in assuming that "the only contention is, whether or not a public road crosses the land of appellee, and the right to fence it up." On the contrary, it is admitted by the demurrer that no public highway crosses said land, or ever did. And the right of defendant in error to fence the same is also admitted. The bill in this case is not to enjoin the maintenance of a nuisance, or the commission of a single trespass threatened. Nor is it a case in which any

right or authority to commit the trespasses complained of is set up or asserted by the defendant, Stroup. Upon the admitted facts, a stronger case is seldom shown requiring the aid of a court of equity to prevent irreparable injury and a multiplicity of suits. These facts show that Stroup, without the shadow of a right, in open violation of the civil and criminal law, destroyed the property of complainant; committed repeated trespasses; forcibly and in defiance of law, intruded upon and disturbed the complainant in his peaceable and lawful possession of said land; threatened the life of complainant, when he attempted to prevent the committing of a trespass by defendant, and threatens to continue and repeat his unlawful acts. In view of these facts, it would be unjust and wrong to decide that equitable aid ought to be withheld and the complainant be compelled to prosecute repeated suits to recover damages for the threatened trespasses. Irreparable injury authorizing the interference of a court of chancery by injunction, need not always be such injury as is beyond the possibility of repair, or beyond possible compensation in damages, nor necessarily great injury or great damage, but is that species of injury, great or small, that ought not to be submitted to on the one hand, or inflicted on the other, and is of constant and frequent recurrence, so that no fair or reasonable redress can be had therefor in a court of law. Wahle v. Reinbach, 76 Ill. 326. The law may afford a remedy in a given case, but if, as in this case, it is not an adequate remedy, equity will interfere, and in one proceeding, by its decree grant full relief, and furnish a more complete and efficient remedy than the injured party could obtain by resort to vexatious and protracted litigation, and prosecuting a multiplicity of suits at great expense. And a bill for injunction will lie, when a proper case is made, whether there is but one wrongdoer to be restrained, or many. Nor was it necessary in this case, to entitle complainant to the relief prayed for, that the insolvency of Stroup should have been alleged. It is not because damages *would not have been paid*, if recovered at law, that the aid of equity is invoked, but upon the grounds

above stated, and held by us to be sufficient. Many cases supporting our decision could be cited, but we deem it sufficient to refer only to a few of those which appear in the printed brief of defendant in error. Shriner v. Morris Land Co., 27 N. J. Eq. 364; Cobb v. I. & St. L. R. R. Co., 68 Ill. 233; McIntyre et al. v. Story, 80 Ill. 137. In the last case, the bill sought to enjoin commissioners of highways from opening a public road through complainant's land. Defendants admitted by their answer, they had torn down and removed the fence of complainant, as charged in the bill, but alleged they were officers of the town, having charge of its public roads, and express their purpose to continue to remove any fence complainant may erect in or across what they claim to be a highway, and make the point that chancery has no jurisdiction, but complainant's remedy, if he has any, is at law. The court say this proposition can not be maintained; that if there is no highway at the point in controversy, which defendants may lawfully keep open for the use of the public, then the acts they admit they propose to do would constitute continuing trespasses, might cause irreparable mischief, perhaps lead to continuous strife in the assertion and maintenance of what the parties may deem their respective rights, and ultimately produce serious breaches of the peace and acts of violence; that the facts alleged constitute a clear ground for the intervention of equity, and no complete remedy can be had at law. In the case at bar, Stroup does not set up or assert any right or authority, official or otherwise, to commit the trespasses complained of, but admits by his demurrer he did the unlawful acts, and threatened to repeat them, and will do so unless restrained, and did and threatens so to do upon the false pretense that a public highway existed, where in fact it did not. The injunction was properly granted, and the decree is affirmed.