term, 1895, or of the January term, 1896, copies of the printed record in the case, and for failure to serve a copy of said record and of appellant's brief as provided by Supreme Court Rule No. 59. Granted.

*George A. Cady and Horace M. Oren, for motion.*

The facts as shown by the record in the case and the affidavit of George A. Cady, one of plaintiff's attorneys, filed in support of said motion, were:

*a*—That the writ of error was issued June 5, 1895, returnable July 15, 1895, and returned and filed July 19, 1895.

*b*—That the case was noticed by the appellee for the October, 1895, term of Court, but was stricken from the docket, copies of the printed record not having been filed; that on December 9, 1895, the appellee noticed the case for hearing for the January, 1896, term of court, and included in the notice a statement that in case the printed record was not filed and served on or before the first day of said term, a motion to dismiss the writ of error and affirm the judgment sought to be reviewed would be made.

*c*—That no copy of the assignments of error has ever been served upon the appellee or her attorneys; that on January 7, 1896, the case was stricken from the docket of the January, 1896, term of court; that no copies of the printed record have been filed, nor has the appellee or her attorneys received up to the time of making said affidavit (January 11, 1896) any copy of said record or of the brief for the appellant.

---

The A. P. Cook Company (Limited) v.
Francis H. Beard et al.

[ See 65 N. W. Rep. 518. ]

Costs—In suit to enjoin flowage of land—Liability of mortgagee defendant for.

Motion by defendant Kirby, who was made a party by reason of his mortgage interest in the land, the flooding of which was sought to be enjoined, for a modification of the decree in favor of the complainant so as to relieve said de-

fendant from the payment of costs. Denied January 29, 1896.

*Osborn, Mills & Master,* for motion, contended:

1. That a decree was entered on appeal modifying that passed by the court below, and awarding costs as against the defendants generally; that said decree was so entered without notice to defendants' solicitors, who were afforded no opportunity to be heard upon the question of costs.

2. That an examination of the record will disclose that the defendant Kirby was so unfortunate as to be the holder of a mortgage upon the property in controversy, and for that reason was a necessary party defendant; that during the progress of the case the property was sold under a foreclosure of this mortgage, and Mr. Kirby was compelled to buy it in.

3. That counsel for complainants contended that said defendant actively participated in the litigation, and ought, therefore, to be liable for costs; that to a certain extent this contention is true; that Mr. Kirby appeared and answered, and his counsel participated at the hearing below; that when the case was appealed he had to go to the expense of representing the interests of the owners of the land, or allow the defendants' side of the case to go by default; that he was however in no manner responsible for the flowage complained of, nor was he a participant in the wrong involved in the controversy.

4. That in view of the facts stated it is not equitable that he should be required to pay costs, and the fact that he being made a party employed solicitors, who were heard in the cause, ought not to afford any good reason why costs, which are in the nature of a penalty, and only awarded as against those responsible for the wrong complained of and redressed, should be awarded as against him.

*Taggart, Knappen & Denison, contra,* contended:

1. That there is no equity in the application; that the decree appealed from gave costs against all of the defendants; that this requirement was not an oversight; that the minutes for the decree so expressly provided.

2. That counsel for defendant Kirby were served with notice of the settlement of said decree, accompanied by a copy thereof; that said defendant did not appeal from said decree, and its propriety cannot be considered here.

(Complainants alone appealed, and the

decree was modified so as to give them greater relief, and as modified affirmed. EDITOR.)

3. That not only is said decree unassailable, but it and the decree of this Court are correct in awarding costs against all of the defendants; that if the question were to be determined solely by the responsibility of the defendant Kirby for the flowage complained of, and his independent assertion of the right to flow, an award of costs against him would be proper; that his is the real substantial interest; that his counsel concede that he was a necessary party; that his mortgage wae substantially the entire value of the property; that defendant Beard had no real substantial interest therein; that he was unable to keep up the interest on the mortgage; that the defendant Kirby really controlled the property, and was assuming the right to sell it previous to the hearing in the court below.

That at the time of the filing of the bill he recognized that the mill was practically his, and by his answer distinctly claimed in himself an interest in and a right to the maintenance of the dam, together with a right of flowage; that he not only appeared separately, but answered by separate solicitors; that after the settlement of the decree his solicitors took part in the settlement of the case on appeal, and conducted the case on his behalf in the appellate court.

4. That were the liability for costs to be determined alone by the question of responsibility for maintaining flowage, defendant Kirby would justly be held liable, but in order that he should be made so liable it is not necessary that he be directly and primarily responsible for the maintenance of the dam; that it is not true that costs are given as a penalty and against those only who are responsible for the wrong complained of, as suggested by counsel in their statement; that the fallacy of this theory appears by the consideration that had the bill been taken as confessed by defendant Kirby he could not in any event have been held liable for costs beyond the order *pro confesso*; citing *Covell v. Cole*, 16 Mich. 223; that costs in chancery are usually awarded not as a penalty for a wrong complained of, but to indemnify the complainant by reason of the expenses incurred on account of the making of an unsuccessful defense, regardless of responsibility for wrong; citing *Ireland v. Woolman*, 15 Mich. 253; *Strong v. Hollon*, 39 Id. 411; *Mickle v. Maxfield*, 42 Id. 304, 312; *Botsford v. Botsford*, 49 Id. 29; *Kingman v. Sinclair*, 80 Id. 427, 430.

5. That defendant Kirby is the only defendant financially responsible; that he alone of the defendants has substantial interests; that he has separately defended that interest stubbornly and unsuccessfully; that he alone has defended in this Court; that to so modify the decree as to relieve him from liability for costs occasioned by his unsuccessful resistance to a claim established by the decree of this Court, and thereby compel complainant to lose costs occasioned by his resistance would be unjust.

The facts as shown by the record in the case and the opinion affirming the decree were:

*a*—That complainant being the owner of certain lands in Jackson county filed a bill in the circuit court in chancery of that county to restrain the defendants from overflowing said lands.

*b*—That the defendant Kirby held a mortgage on the lands, and for that reason was joined as a defendant.

*c*—That the defendants and their grantors had acquired the right by prescription to maintain the dam causing the flowage complained of; that the question involved was whether they had, by increasing the ponding capacity of their mill pond, caused a greater flow of water upon complainant's lands than had existed for the prescriptive period; that the circuit judge found as a fact that the ponding capacity had been increased 18 inches, and decreed that the defendants should be required to reduce the ponding capacity so that the height of the water in the pond should be 8 inches less than the same was maintained at the time of the filing of the bill and at the time of the hearing.

*d*—That complainant alone appealed from said decree; that said decree was so modified as to require the defendants to reduce the ponding capacity of their dam so that it should not and could not maintain the water in the pond as high as it did and could by 18 inches instead of 8 inches as provided in the decree appealed from, and was in other respects affirmed, with costs to the complainant. See 65 N. W. Rep. 519.