REED *v.* JOURDAN.

1. EQUITY PLEADING—DEFENSES.

   The answer to a bill in chancery must apprise the complainant of the nature of defendant's case, and the latter cannot avail himself of any matters in defense which are not stated in his answer, even though they should appear in his evidence.

2. FRAUDULENT CONVEYANCES—BILL BY ADMINISTRATOR—DECREE.

   In a suit by an administrator under section 5884, 2 How. Stat., to set aside a deed executed by the decedent as in fraud of creditors, the court entered a decree vacating and setting aside the deed. *Held*, that the defendant should have been permitted, upon the payment of the claims against the estate and of the costs of the proceedings in the probate and circuit courts, to retain the land, subject to the widow's dower interest therein.

Appeal from Ottawa; Padgham, J.    Submitted January 10, 1896.    Decided April 21, 1896.

Bill by Theophilus M. Reed, administrator of the estate of Joseph Jourdan, deceased, against Perley Jourdan, to set aside a deed as in fraud of creditors.    From a decree for complainant, defendant appeals.    Modified and affirmed.

*Louis P. Ernst* (*George A. Farr*, of counsel), for complainant.

*Stephen H. Clink*, for defendant.

LONG, C. J.    The bill in this case was filed under the provisions of section 5884, 2 How. Stat., by the complainant as administrator, to set aside a deed made by the deceased in his lifetime to the defendant, as a fraud upon the creditors of the estate.

The statute provides that—

"When there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall, in his lifetime, have conveyed any real estate, or any right or interest therein, with the intent to defraud his creditors, or to avoid any right, debt, or duty of any person, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator may, and it shall be his duty to, commence and prosecute to final judgment any proper action or suit at law or in chancery for the recovery of the same, and may recover, for the benefit of the creditors, all such real estate so fraudulently conveyed," etc.

The bill alleges substantially that the complainant was appointed administrator of the estate, and that no personal estate came into his hands; that claims against the estate to the amount of $666.82 were duly allowed by the commissioners on claims appointed by the probate court; that the report of said commissioners and allowance of said claims had been duly filed in the probate court; that more than 60 days had elapsed from such filing and allowance, and that no appeal had been taken from the same; that the probate court had ordered the payment of said claims; that more than 60 days had elapsed since the entry of such order, and said claims had not been paid or any bond given for such payment, and that such claims constituted lawful, liquidated, and adjudicated debts against said estate; that the expenses of administration would amount to about $75; and that there was no money or personal property of said estate to pay the same.

The bill further alleges that the real estate of the deceased was 60 acres of land in said county, inventoried and appraised at the sum of $1,200; that said lands were incumbered through the dower interest of the widow, and also a mortgage of about $250; that on December 31, 1891, and two days after the death of Joseph Jourdan, a deed of the north 40 acres was recorded from him to the defendant; that said deed was without consideration, and

was delivered, if at all, but two days before the death of the deceased, and after the debts so found had been contracted, and was made with intent to defraud the creditors of the deceased; and. that the remaining 20 acres of land is wholly insufficient to pay said debts. The bill also alleges that complainant had been licensed to sell said lands, but, in consequence of the record of said fraudulent deed, could not do so.

The answer admits the appointment of complainant as administrator, and states that defendant has no knowledge of the amount of the personal property that came into the hands of the complainant. It alleges that many of the claims that were allowed against the estate were illegal and fraudulent, and were permitted to be approved and allowed by the complainant as such administrator; that the claim of $440 allowed to the widow was wholly fraudulent, and without foundation in fact or equity, and was well known so to be by the complainant at the time the same was allowed, but that complainant, instead of defending the estate against said fraudulent and dishonest claim, encouraged and advised the making of such claim, and fraudulently connived at the allowance thereof by the judge of probate; that the claim of D. Cleland of $46.23 was upon a note which was outlawed a long time prior to the allowance thereof, notwithstanding which the complainant made no defense or protest against such allowance, but, on the contrary, permitted such allowance, while knowing it to be illegal; that many of the other claims allowed against the estate were fraudulent and illegal, which fact was well known to the complainant; that the defendant would have appeared and defended against the allowance of said claims had he not relied upon the complainant to do his duty as administrator, and defend the estate against unlawful claims; that the defendant therefore denies that said claims constitute a lawful debt against the estate to the amount of $666.82, or to any other amount exceeding $100; and that, under

the circumstances, the complainant is not entitled to receive any compensation because of his maladministration of the affairs of the estate.    The answer further sets up that defendant neither admits nor denies the allegation of the bill as to the dower interest of the widow in the real estate in question.    The answer then states:

"This defendant says that it is true that he caused a warranty deed to be recorded in the office of the register of deeds of the county of Ottawa, wherein and by virtue of which the deceased had in his lifetime conveyed to the defendant the 40 acres of land described in the bill, but that said deed was made and delivered without any corrupt or fraudulent purpose whatsoever, and and was accepted in absolute good faith by the defendant, and for a good and sufficient and due consideration."

A replication was filed, and the proofs taken in open court.

The record states that—

"The complainant's counsel offered all the records and files in the probate court, including all the claims presented to the commissioners and their findings in the estate of the deceased."

The record further states:

"It is admitted that the probate proceedings offered were legal in form; that the probate court had jurisdiction to appoint commissioners, and did so appoint; and that the files so offered contain, among other things, what purports to be a warrant to the commissioners, their report, and the order of the court thereon."

The finding of the commissioners on claims shows the amount as stated in the bill of complaint.    It purports to be signed by the two commissioners, and was returned and filed in the probate court August 17, 1892.

It appears from the testimony that no appeal was taken from the allowance of these claims, and that more than 60 days had elapsed from the date of the filing of the report of the commissioners on claims in the probate court before the present bill was filed.    It was shown that there was no personal property from which these claims could

be paid. It was further shown that two days before the death of the deceased, and after all these debts had been contracted, the deceased delivered to the defendant the deed in controversy. The deed purports to have been dated March 18, 1887, but it was retained by the deceased, and not delivered, until December 25, 1891. It was further shown that, at the time the deed bears date, the deceased was unmarried, but that, four days after that date, he married one Araminda Ferguson, who remained his wife until his death, and who still survives, and that she had no knowledge of the deed until after the death of her husband.

The court found from the testimony that, under the circumstances, the widow was entitled to her dower in the lands; and, further, that the deed was made without consideration, and with intent to hinder and delay the creditors of the estate in the collection of their just claims against him and his estate; and that the same was fraudulent and void as against his creditors, and against the claims so proved against his estate; and, in and by the decree, the court set aside and vacated the deed.

The defendant, upon the hearing, gave no satisfactory explanation as to the manner in which he obtained the deed, or that any consideration was paid therefor. He did introduce testimony tending to show that one of the commissioners did not sit while the proofs were being taken in the allowance of the claims, and that such commissioner's name was signed to the report by the other commissioner. He also gave some testimony tending to show that some of the claims were invalid, and now claims that the administrator did not object thereto, and did not protect the estate against their allowance.

The contention in this court is that the decree of the circuit court cannot stand:

1. Because it sets aside the deed absolutely and unconditionally.

2. Because only one commissioner acted in the allowance of the claims and making the report.

3. Because the complainant does not come into court with clean hands.

4. Because there is no showing that the probate court ever legally ordered these claims to be paid out of the property of the estate.

Upon the second proposition, we think the defendant cannot be heard here. There was no such claim set up in the answer. The answer does not deny the jurisdiction of the commissioners to act, nor does it deny the validity of their action. It admits that the claims set up are just to the amount of $100. The complaint is that the claims are unjust in themselves, and that the administrator did not do his duty in not contesting them. The rule in such cases is that, besides answering the complainant's case as made by the bill, the defendant must state to the court in his answer all the circumstances of which he intends to avail himself by way of defense, for it is a rule that the defendant is bound to apprise the complainant by his answer of the nature of the case he intends to set up, and that he cannot avail himself of any matters in defense which are not stated in his answer, even though they should appear in his evidence. 1 Barb. Ch. Prac. 137. This rule is settled in this court in *Van Dyke* v. *Davis*, 2 Mich. 144; *Smith* v. *Brown*, Id. 161; *Fosdick* v. *Van Husan*, 21 Mich. 573; *Smith* v. *Rumsey*, 33 Mich. 189; *Higman* v. *Stewart*, 38 Mich. 519. In *Smith* v. *Rumsey*, *supra*, it was said:

"The proposition that the court is bound to adjudge according to the case shown and issues raised by the pleadings is so evident, and has so repeatedly been expounded and applied in this State, that anything beyond a reference to it would scarcely be excusable."

Complainant contends upon this point that, if for no other reason, this defense cannot be made, as the decision and finding of the commissioners cannot be impeached collaterally. We need not discuss this view of the case, being satisfied to rest our decision upon the ground that no such claim was set up in the answer.

The court below found upon the third and fourth points against the contention of the defendant, and we think properly, under the evidence.

We think defendant's first point has some merit. The decree sets the deed aside absolutely. This, we think, should not be done, and that the defendant should have been permitted, upon the payment of the claims and the costs of the proceedings in the probate court and in the circuit court, to retain the lands subject to the widow's dower interest therein. The decree will be modified to that extent, and provide for such payments within 60 days of such claims and costs by the defendant; but, upon failure to pay the same within such time, the decree of the court below will stand affirmed. Neither party will recover costs of this court.

The other Justices concurred.