FLYNN *v.* SERVICE.

DRAINS—RIGHT TO CONSTRUCT—PRESCRIPTION.

> Where a ditch was dug solely to carry water from a lake into a mill pond, and was shortly afterward abandoned and allowed to fill up so the water ran in it only when the lake overflowed in times of high water, the successors in interest of the person who originally constructed the ditch acquired no prescriptive right to reconstruct and use it for drainage purposes.

Appeal from Shiawassee; Smith, J. Submitted April 4, 1905. (Docket No. 9.) Decided May 12, 1905.

Bill by Matthew H. Flynn and Catherine Flynn against Charles Service, Christopher Dansby, and Thomas Denehe to restrain the digging of a certain drain. From a decree for complainants, defendants appeal. Affirmed.

Complainants filed their bill to restrain the defendants from digging a drain draining three small lakes known as Hemingway Lake and Twin Lakes, and discharging the water upon their land. Hemingway Lake lies a short distance west of the public highway running north and south. The lakes are upon the lands of defendants Dansby and Service. Defendant Denehe's land lies east of and adjacent to the public highway. Complainants' land adjoins Denehe's on the east. The drain was being dug across the land of Denehe and the public highway into Hemingway Lake, by means of which the water of the lakes would be lowered, and discharged upon complainants' land. The drain was completed to the highway and within about 20 rods of Hemingway Lake when complainants filed their bill and obtained an injunction. The case was heard upon pleadings and proofs taken in open court, and the decree entered enjoining the defendants from opening a

drain between Hemingway Lake and Twin Lakes, and requiring the drain from Hemingway Lake to be restored to its former condition.

*Albert L. Chandler*, for complainants.

*Watson & Chapman*, for defendants.

GRANT, J. (*after stating the facts*). The main purpose of this drain was to benefit the lands of the defendants Service and Dansby by lowering the water in these lakes. The land on the west side of Hemingway Lake is 4 to 4½ feet higher than the lake. Defendants did not claim upon the hearing in the court below, neither do they claim here, the right to construct a new drain and turn the water upon complainants' land. Their sole defense, as stated upon the hearing below, is a permanent easement, obtained through one Isaac Wright, who is alleged to have dug the drain 46 years before. Whether this defense can be made under defendants' answer is doubtful, as no such defense is set up therein. See *Reed* v. *Jourdan*, 109 Mich. 128, 133, and authorities there cited. We will dispose of the case, however, without deciding that question. It is apparent by this record that this drain was not originally dug by Mr. Wright with any view to drain or improve the lands in its vicinity. It was dug for the sole purpose of taking water from Hemingway Lake into a mill pond owned by Mr. Wright. It was a private affair, dug for one single purpose. It does not clearly appear what right Mr. Wright had to construct or maintain it. Probably in that early day the erection of the mill and the use of the water to run it may have been an advantage to the inhabitants of the surrounding country. The land was probably not then very valuable, and the owner may have consented to or acquiesced in the construction of the drain to furnish water for the mill. This use by Mr. Wright cannot, under this record, be made the basis of a prescriptive right by adverse user in others to continue the drain for drainage

purposes. The dam of the pond went out some years after the digging of the drain, the mill was abandoned, and never thereafter used. No one then, as appears upon this record, asserted any right to the use of this ditch as a means of draining his land. It was not kept open. Cattle tramped over it, and in a few years it was filled nearly level with the surface of the ground. There was a natural depression from Hemingway Lake along the line of this drain, and in high water, when the lake overflowed its banks, the water ran in this direction. Under these circumstances, there is no foundation for the claim of prescriptive right. *A. P. Cook Co.* v. *Beard*, 108 Mich. 17; *Turner* v. *Hart,* 71 Mich. 128; *Chapel* v. *Smith*, 80 Mich. 100, 112.

The decree is affirmed, with costs.

MOORE, C. J., and MCALVAY, MONTGOMERY, and HOOKER, JJ., concurred.