# CHARLESTON.

WEST VIRGINIA DEVELOPMENT CO. v. PRESTON COUNTY DEVELOPMENT CO.

Submitted June 1, 1915. Decided June 8, 1915.

1. INJUNCTION—*Right to Remedy—Ejectment to Try Title.*
   Pending a suit brought or about to be brought to try title to land, plaintiff may by injunction protect and maintain the status quo, and prevent waste or irreparable injury, until the title can be finally adjudicated. (p. 494).

2. SAME—*Right to Remedy—Erection of Dam—Ejectment to Try Title.*
   And within this rule equity may enjoin the erection of a permanent dam on and across a water course on the disputed land pending a suit in ejectment to try the title to the land. (p. 494).

Appeal from Circuit Court, Preston County.

Suit by the West Virginia Development Company against the Preston County Development Company and another. From decree for defendants, plaintiff appeals.

*Reversed and remanded.*

*Cox & Baker,* for appellant.

*Smith & Jackson* and *Moreland & Guy,* for appellees.

MILLER, JUDGE:

The decree or order appealed from, pronounced by the judge of the circuit court in vacation, on May 8, 1913, on motion of defendants, dissolved the injunction theretofore awarded by two members of this court, on May 1, 1913, en-

joining and restraining the Preston County Development Company and Herbert C. Greer, and each of them, "from the further building, constructing or putting in operation a dam, conduit line or power plant upon Bull Run in Preston County, West Virginia, within or any part of which is within the contour lines of the water to be impounded by the dam of the plaintiff mentioned in said bill, at or near Beaver Hole, near the line between Preston and Monongalia Counties, West Virginia; and from placing, transporting or operating any machinery or appliances for the purpose of such power plant, dam or conduit line, located or to be located within the said Contour lines of the water to be impounded by the said dam of the plaintiff; and from the further constructing or operating of a power plant, dam or conduit line, or any part thereof, below the elevation 970 feet above mean sea level (U. S. G. S. Datum), in or near or upon said Bull Run in said Preston County, West Virginia, or elsewhere within said contour lines, and from operating a power plant below said elevation 970 feet above mean sea level in, near, along or upon said Bull Run; and from building upon or improving or from placing materials upon the land to the center of Bull Run on the side on which is located the Pickenpaugh heirs tract mentioned in said bill, and from taking the water from Bull Run to the center thereof on the side on which the said Pickenpaugh heirs tract is located."

The case was heard on said motion before the judge in vacation on bill, answer of defendant company, and ex parte affidavits filed by the parties, and by the terms of the order of dissolution it was to be without prejudice to plaintiff to institute any other suit or proceedings that it might be advised it was proper to institute touching the matters involved, and without prejudice to the institution of condemnation proceedings by plaintiff against defendants or either of them at any future time, for their lands or the lands of either of them, or any part thereof mentioned and referred to in the bill.

Plaintiff based its right to relief by injunction on the grounds, first, that it was prior in time, and therefore in right, in the location of its Beaver Hole dam, a right which it conceived was preserved to it by section 16, chapter 11, Acts 1913, and that in attempting to bring themselves within the

exception of section 3 of said chapter, defendants were not acting in good faith, but for the purpose of fraudulently increasing their damages against plaintiff in condemnation, and of imposing upon it burdensome terms and conditions, which it would be unable to bear, and thereby defeat its work of internal improvement provided for in the statute. Second, that defendants, in attempting to locate their said dam and works on Bull Run, had entered upon, and were committing waste upon lands along said run owned by plaintiff, acquired by deed in fee absolute for the very purpose of its public works, and for which, as alleged in the bill and not denied, and fully proven, it was about to bring ejectment against defendants, and that it had the right by injunctive process to preserve the status quo until its rights to said land could be finally adjudicated in such suit.

The facts on which plaintiff predicates its first ground for relief, are controverted, and as the record was presented, on pleadings, exhibits and ex parte affidavits, are not very well developed. Moreover, all the facts pertaining thereto will necessarily be involved in the proceedings in condemnation yet to be brought by plaintiff to take the lands of defendants, and as we see it we ought not as the case is now presented, on this appealable but interlocutory order, prejudge or foreclose the rights of the parties by any adjudication thereon. We must not be understood as deciding, however, that when such proceedings in condemnation have been maturely brought a case may not then be presented for a continuance of the injunction. That question is not presented and not decided.

But on the second ground for relief we are clearly of opinion that the bill is well founded and that plaintiff was and is entitled to maintain the status quo by the injunction awarded, until its title to the land claimed by it along Bull Run, and sued for in ejectment, can be finally adjudicated. This proposition is fully supported by our cases of *Freer* v. *Davis,* 52 W. Va. 1, syl. 2; *Pardee* v. *Camden Lumber Co.,* 70 W. Va. 68, 73 S. E. 82; *Waldron* v. *W. M. Ritter Lumber Co., Id.,* 470; *Becker* v. *McGraw,* 48 W. Va. 539.

On rehearing, it is insisted that these cases involving waste or irreparable injury, and destruction of the substance of the inheritance, can have no application to the case at bar. Many

decisions are found justifying injunctive process to stay or prevent the erection of permanent structures like the defendants' proposed dam on the land of another the title to which is not in dispute, or as to which the title is beyond legal controversy, such as an inferior store building, which would require removal, or might prove a serious obstruction to the free use by the owner of his land and be the beginning of an adverse title, *Ephraim Creek Coal & Coke Co.* v. *Bragg,* 75 W. Va. 70, 83 S. E. 190; 22 Cyc. 834; the erection of a wall on another's land which would render it unfit for building without removal by him, *Herr* v. *Bierbower,* 3 Md. Ch. 456; a structure which will change the current of a river and cause it to overflow on another's land, *Cobb* v. *Illinois, etc., Co.,* 68 Ill. 233; the building of a brick wall projecting over an adjoining lot, although safe and secure, *Meyer* v. *Metzler,* 51 Cal. 142; the building and maintenance of a dam causing an overflow on another's land, *Troe* v. *Larson,* 84 Iowa 649, 35 Am. St. Rep. 336; *A. P. Cook & Co.* v. *Beard,* 108 Mich. 17; 40 Cyc. 591. In all such cases these authorities hold the jurisdiction of a court of equity by injunction cannot be resisted upon the ground that the injury may be compensated in money damages, or that the structures may be removed at the end of a law suit.

If such be the rule where the title is not in real controversy, we think it follows that where the title is in dispute and it is alleged, and if denied, proven, that plaintiff has or is about to bring a suit in ejectment to try the title, that injunction should be available to stay or prevent like injuries pending a suit to try title. The cases cited in so far as the question of the permanency or irreparable character of the injuries or the destruction of the substance of the inheritance, waste, and want of adequate remedy at law, are concerned, are of the class to which the case at bar properly belongs. And if equity will enjoin trespasses where the title is not in actual controversy, there is no reason based on principle why like relief should not be granted, pending a suit to try the title, when such a suit has been or is about to be brought. The injury to the true owner is as great and the reason for staying waste and irreparable injury as potent in the one class of cases as in the other.

For these reasons we are of opinion to adhere to our former opinion, to reverse the decree or order below, and to remand the cause for further proceedings to be had herein in accordance with the principles enunciated and further according to rules and principles governing courts of equity.

*Reversed and remanded.*