## Florence I. Cilley *vs.* Samuel W. Herrick.

### Somerset.   Opinion May 31, 1918.

*Bill in Equity.   Equitable proceedings to obtain an accounting and redemption of
mortgage.   General rule of law as to interest necessary in order to redeem from
a mortgage.   Rule as to accounting of mortgagee for insurance money
received from mortgaged property.   General rule as to insurance
money standing in place of property mortgaged.   Right
of mortgagee to appropriate insurance money to
indebtedness, other than the mortgage indebt-
edness, with consent of mortgagor.
Rule where there are intervening
rights or mortgages.*

On report.   A bill in equity for an accounting and redemption of a mortgage of
real estate.

In general any party in interest may redeem from a mortgage and ordinarily
any one who has an interest, legal or equitable, in the land and would be a
loser by foreclosure is entitled to redeem.

If a party is affected by the mortgage, he may redeem; if he is not affected by it,
there is no occasion for his redeeming and he is not allowed to do so.

Where certain specific property is made liable for the payment of the debt of
another and its owner, although not personally liable, must respond or lose it,
the latter becomes a surety real for the payment of the debt.

Where, in accordance with the provisions of a mortgage of real property, the
mortgagor insures the buildings thereon for the benefit of the mortgagee, such
insurance as to the mortgagee is for protection of the security and not for the
payment of the debt.   It is collateral to the debt.

After loss the money received from the insurer takes the place of the property
destroyed and is still collateral until applied in payment by mutual consent, or
by some exercise by the mortgagee of the right to demand payment of the debt,
and, upon default of payment, to convert the securities.

Proceeding in equity asking for an accounting and also redemption
of a mortgage.   Cause heard upon bill, answer, replication and proof.
At close of evidence, by agreement of parties, case was reported to
Law Court upon certain agreed stipulations.   Judgment in accord-
ance with opinion.

Case stated in opinion.
*Merrill & Merrill,* for plaintiff.
*L. B. Waldron,* for defendant.

SITTING: CORNISH, C. J., SPEAR, BIRD, HANSON, JJ.

BIRD, J. On report. A bill in equity for an accounting and redemption of a mortgage.

On the twenty-eighth day of June, 1913, the husband of the complainant conveyed to her by warranty deed of that date sundry lots of land in Harmony and on the same day she conveyed the same premises in mortgage to the defendant to secure the payment of the sum of twelve hundred dollars, in twelve equal annual payments. Subsequently the complainant desired to convey the premises to one Willie A. Peterson with a reservation of certain standing trees and to have defendant discharge his mortgage given by her and take a new mortgage from Peterson in like amount. At a conference of the three parties, defendant objected to the reservation unless the right to cut and remove the trees was made conditional upon a substantial payment upon the mortgage debt. To this the other parties acceded. The complainant thereupon conveyed the premises to Peterson by a warranty deed dated October 13, 1913, containing the following reservation:—

"All spruce, fir, pine, hemlock, poplar and basswood, to be reserved by said Florence I. Cilley, same to be cut and hauled within eighteen months from the time that said Willie A. Peterson shall pay or cause to be paid to S. W. Herrick, owner of a mortgage of the above described property, five hundred dollars." The defendant discharged the mortgage given by complainant and by mortgage deed of the same date Peterson conveyed the premises to defendant as security for the payment of twelve hundred dollars as follows, $100. on each thirteenth day of October, following the date, with interest payable annually until fully paid and covenanted to keep the buildings on the premises insured against fire in a sum not less than eight hundred dollars for the benefit of the mortgagee.

Willie A. Peterson on the same thirteenth day of October, conveyed the same premises, subject to the prior mortgage, to one Victor J. Peterson to secure the payment of the sum of $300. payable with interest in six equal annual installments. This mortgage was

assigned by Victor J. Peterson to defendant on the twenty-fourth day of April, 1914, by deed recorded on the nineteenth of September, 1916.

Prior to the first of July, 1915, the buildings on the premises were destroyed by fire and on that day defendant received from the insurance company with which the mortgagor, Willie A. Peterson, had effected insurance as covenanted in his mortgage to the defendant, the sum of five hundred dollars in payment of the loss. Of this sum $98.09 was expended for lumber used by mortgagor in erecting a small building on the mortgaged premises and not in payment of the debt secured, and the balance was, with the consent apparently, of the mortgagor, applied to indebtedness of his to the defendant other than that secured by either mortgages.

On the fifteenth day of July, 1915, the defendant took possession of the mortgaged premises.

Upon the notes secured by the two mortgages held by defendant no payment of principal or interest has ever been made unless the sum of $500 received from the insurer is to be so regarded. On or about the fourth day of February, 1916, the defendant commenced foreclosure by publication of the mortgage given him by Willie A. Peterson, on the twenty-fifth day of July, 1916, the complainant demanded of defendant an accounting under this, the earlier mortgage, and later defendant rendered an account agreed to be seasonable.

The mortgagor has failed to pay $500. upon the mortgage indebtedness as provided in the reservation in complainant's deed, unless the sum realized from the insurer is such payment. As we construe the provision, in view of the circumstance, payment made as stipulated in the mortgage was intended, that is to pay $500. of the principal sum secured, unless the mortgagee waived such payment of which there is no evidence. The sum obtained from the insurer was not, as we have already seen, applied in payment of the mortgage debt. As the condition of the mortgage has been broken, it is too late for complainant to provide the sum of $500. and thus make her reservation effectual and her only remedy if any, must be sought through redemption and the payment of the full sum due upon the mortgage. *Bailey* v. *Myrick*, 36 Maine, 50, 52; *McPherson* v. *Hayward*, 81 Maine, 329, 337; *Eugley* v. *Sproul*, 115 Maine, 463, 466; See also *Smith* v. *Kelley*, 27 Maine, 237, 241.

Has the complainant the right to redeem? In general any party in interest may redeem. Ordinarily anyone who has an interest legal

or equitable in the land and would be a loser by foreclosure, is entitled to redeem. *Frisbie* v. *Frisbie*, 86 Maine, 444, 447; *Grant* v. *Duane*, 9 Johns., 591. *Lomax* v. *Bird*, 1 Vt., 182; *Platt* v. *Squire*, 12 Met., 494, 501; See also *True* v. *Haley*, 24 Maine, 297, 298. His interest must be derived directly or indirectly from or through the right of the mortgagor so that he is in privity of title with the mortgagor and an owner of part of his original equity or of some interest in it. If he is affected by the mortgage, he may redeem; if he is not affected by it, there is no occasion for his redeeming and he is not allowed to do so. *Moore* v. *Beasom*, 44 N. H., 215; II Jones Mort., Sec. 1055. Moreover where certain specific property is made liable for the payment of a debt of another and its owner, although not personally liable, must respond or lose it, the latter becomes a surety real for the payment of the debt. *Rowan* v. *Sharp's, etc., Co.*, 33 Conn., 1, 18; *Metz* v. *Todd*, 36 Mich., 472; *Mitchell* v. *Roberts*, 17 Fed., 776, 781. In the present case it was the agreement of the mortgagor, the mortgagee and complainant that the standing timber reserved by her should be subject to the mortgage. We think there can be no doubt of her right to redeem.

The complainant claims that if she redeems, she is entitled to the benefit of the sum received from the insurers. The insurance effected as between mortgagor and mortgagee was for the indemnity of both. To the mortgagee it was for the protection of the security not for the payment of the debt. It was collateral to the debt. After the loss, the money received from the insurance took the place of the property destroyed and was still collateral until applied in payment by mutual consent, or by some exercise by the mortgagee of the right to demand payment of the debt, and upon default of payment, to convert the securities. *Gordon* v. *Ware Savings Bank*, 115 Mass., 588, 591; See *Connecticut, etc., Co.* v. *Scammon*, 117 U. S., 634; and note 9 Ann. Cas., 67. The sum of $98.09 applied toward the restoration of the buildings was a proper application of the fund, not only between mortgagor and mortgagee but also as between complainant and the mortgagee. It was not, however, a payment upon the mortgage debt. As to the balance $401.91, the application to other indebtedness as made was within the rights of mortgagor and mortgagee, if no other rights intervened. As between mortgagor and mortgagee, on the one hand and the complainant on the other, the latter's right was to have it applied either to the restoration of the buildings or be applied to, or held for,

application in the reduction pro tanto of the indebtedness. See *Gordon* v. *Ware Savings Bank,* ubi supra; *Larrabee* v. *Lambert,* 32 Maine, 97; *Hitchcock* v. *Fortier,* 65 Ill., 239, 244. At the date of complainant's bill, the notes and interest due and unpaid considerably exceeded the balance of the moneys received from the insurer remaining after the expenditure in restoring the security. Such balance upon accounting should be applied in payment of the defendant's unpaid interest and overdue notes. II Jones Mort., Sec. 1077; See also I Jones Mort., Secs. 409, 410. To do otherwise under the circumstances of the case would be inequitable. See *Larrabee* v. *Lambert,* 32 Maine, 97; *Concord Me. Mut. Fire Ins. Co.* v. *Woodbury,* 45 Maine, 447, 454; See also *Allen* v. *Alden,* 109 Maine, 516, 519. In his account, however, defendant has seen fit to treat all the notes secured by the mortgage as due and payable. We are of opinion that the complainant may also so regard them.

There is, we think, no occasion to direct an assignment of the mortgage to complainant, upon her payment of the mortgage debt upon an accounting nor to determine the rights between the complainant and the defendant, as junior mortgagee by assignment, or the rights of the latter and the mortgagor.

> *Bill sustained and cause remanded to sitting Justice for further proceedings in accordance with this opinion and the stipulation of the parties.*